IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 09-cv-01474-RPM-MJW

JAY HOLLAND and
ALISSA DANIELSON-HOLLAND,

Plaintiffs,

v.

STANDLEY AND ASSOCIATES, LLC,

Defendant.

---

**ORDER REGARDING
DEFENDANT'S MOTION FOR ATTORNEY FEES
(Docket No. 90)**

[This Order is limited to the Rule 37 sanctions being requested by Defendant per the Procedural Order on Defendants' Motion for Attorney Fees (docket no. 98), dated September 19, 2011, by Senior Judge Matsch]

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on Defendant's Motion for Attorney Fees (docket no. 90). The court has reviewed the subject motion (docket no. 90), the response (docket no. 93), and the reply (docket no. 96). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

On September 9, 2011, Senior Judge Matsch issued a Procedural Order on Defendant's Motion for Attorney Fees (docket no. 98). The Order states, *in pertinent part:* " . . . it is ORDERED that the portion of the defendant's motion requesting fees as

2

a sanction under Rule 37 are referred to Magistrate Judge Watanabe for determination . . . ."

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That the subject motion (docket no. 90) was filed with the court on August 2, 2011, well after the trial on the merits before Senior Judge Matsch and after judgment was entered by Senior Judge Matsch. See Order entering Judgment by Senior Judge Matsch dated July 19 , 2011 (docket no. 86), and the written Judgment dated July 19, 2011 (docket no. 87);

5. That in my Minute Order dated February 22, 2010 (docket no. 41), I found that the parties did not fully comply with D.C.COLO.LCivR 7.1A before filing the subject motion (docket no. 33) [i.e., Plaintiffs' Motion to Compel Outstanding Discovery Responses and for Sanctions], and I did not award any reasonable expenses to either Plaintiffs or Defendant;

6. That in my Minute Order dated May 7, 2010 (docket no. 54), I denied Plaintiffs' Motion to Compel Outstanding Discovery

3

Responses and for Sanctions (docket no. 42). Again, I did not award any reasonable expenses to either Plaintiffs or Defendant; and,

7. That neither Plaintiffs nor Defendant filed any timely objections to either one of the above minute orders (docket nos. 41 and 54), consistent with Fed. R. Civ. P. 72, and therefore the Defendant's Motion for Attorney Fees based upon Fed. R. Civ. P. 37 is untimely and should be denied. If Defendant was seeking attorney fees for the above two minute order (docket nos. 41 and 54), then Defendant should have filed Fed. R. Civ. P. 72 objections within 14 days from the date of each of the above two minute orders (docket nos. 41 and 54).

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Defendant's Motion for Attorney Fees (docket no. 90) [pertaining to the Fed. R. Civ. P 37 sanctions only] is **DENIED**; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 11th day of October 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE