IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 09-cv-01474-RPM-MJW

ALYSSA DANIELSON-HOLLAND,

    Plaintiff,

v.

STANDLEY AND ASSOCIATES, LLC,

    Defendant.
_____

ORDER FOR AWARD OF ATTORNEY'S FEES UNDER 28 U.S.C. § 1927 AND FOR COSTS UNDER FED.R.CIV.P. 54(d)
_____

    After entry of the Order Granting Judgment of Dismissal of All Claims Excepting 15 U.S.C. § 1692(d)(2) on March 24 2011, plaintiff's counsel Craig Ehrlich, proceeded to trial on the single claim that the plaintiff Alyssa Danielson-Holland was abused by being told to "get a job" even though she is a stay-at-home mother.  Trial of that claim proceeded and on July 19, 2011, the jury found that the plaintiff failed to prove that violation by a preponderance of the evidence.  Accordingly, final judgment entered on July 19, 2011, dismissing this civil action and awarding the defendant costs.  A bill of costs was filed and the Clerk awarded costs of $1,862.30.

    On August 2, 2011, the defendant filed a motion for attorney fees pursuant to Rules 11, 37 and 54(d)(2), 15 U.S.C. § 1692(k)(a)(3) and 28 U.S.C. § 1927.  The plaintiff filed opposition and objections to the Clerk's award of costs.  The defendant filed a reply.

On September 19, 2011, this Court entered a procedural order referring the question of sanctions under Rule 37 to United States Magistrate Judge Michael J. Watanabe who conducted the management of discovery matters in this civil action, including the two motions to compel filed by the plaintiff.  On October 11, 2011, United States Magistrate Judge Michael J. Watanabe denied the Rule 37 motion, finding it to be untimely.  The defendant filed objection to that order on October 25, 2011.

While there may be no legal impediment to the filing of the Rule 37 motion after judgment, the award of attorney fees as sanction under Rule 37 is discretionary and the purpose of use of such sanction is better served if the matter is presented at the time of a hearing on the motion to compel.  Accordingly, the objection to the Magistrate Judge's order is denied.

Defendant's counsel concedes that the procedure required under Rule 11 has not been followed and has withdrawn the request for fees under that rule.  The award of fees under the Fair Debt Collection Practices Act itself depends upon a finding that the action was brought in bad faith and for the purpose of harassment.  This Court is unable to make that finding with respect to the action itself.

28 U.S.C. § 1927 provides that an attorney who multiplies the proceedings unreasonably and vexatiously may be required to personally satisfy the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct.  The Tenth Circuit Court of Appeals has affirmed that such an award is discretionary and is appropriately applied when counsel intentionally acts without a plausible basis. <u>Dominion Video Satellite, Inc.</u>v. <u>Echostar Satellite L.L.C.</u>, 430 F.3d 1269, 1278 (10th Cir. 2005.)

Upon consideration of the evidence presented by the plaintiff to support the claim of abuse, it is apparent that Craig Ehrlich as plaintiff's counsel elected to proceed to trial without plausible evidence to support the claim made.  He is therefore responsible for the defendant's attorney's fees for legal services subsequent to the entry of summary judgment dismissing the other claims and the amount claimed, $9,350.00 is reasonable.

The plaintiff asserts that costs should not be awarded under Rule 54(d) unless there is a finding of bad faith under § 1692(k)(a) and cites a Ninth Circuit case in support.  That case is neither binding nor persuasive and in this Court's view Rule 54(d) is applicable to this case.

Upon the foregoing, it is

ORDERED that the defendant Standley and Associates, LLC, is awarded costs under Fed.R.Civ.P. 54(d) in the amount of $1,862.30 and it is

FURTHER ORDERED that the defendant Standley and Associates, LLC, shall recover from plaintiff's counsel, Craig Ehrlich, the sum of $9,350.00 as attorney fees and it is

FURTHER ORDERED that the defendant's motion for attorney fees is denied in all other respects.  The Magistrate Judge's order under Rule 37 is affirmed.  The defendant's request to add additional fee for submitting the motion is denied because of the denial of those claims other than what has been awarded.

DATED: December 21st, 2011

BY THE COURT:
s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge